IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS LIONEL SCOTT (TDCJ No. 875643), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-2405-G-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Marcus Lionel Scott, a Texas inmate, proceeding *pro se*, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 3. This action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Scott is imprisoned for life after being convicted of capital murder in Dallas County, Texas in 1999. *See State v. Scott*, F98-48901-QIVI (Crim. Dist. Ct. No. 2, Dallas Cty., Tex.). This conviction and sentence were affirmed on direct appeal. *See*

*Scott v. State*, No. 05-99-00532-CR, 2000 WL 50067 (Tex. App. – Dallas Jan. 24, 2000). And the Texas Court of Criminal Appeals (the "CCA") refused Scott's petition for discretionary review. *See Scott v. State*, PD-0904-00 (Tex. Crim. App. Aug. 30, 2000).

In 2001, the CCA denied his initial state habeas application without a written order, and, in 2016, the CCA denied his subsequent state petition as an abuse of the writ. *See Ex parte Scott*, WR-50,839-01, -02 (Tex. Crim. App.).

On an initial review of Scott's federal habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 4] to provide Scott fair notice of the limitations issue and to allow him to present his position as to that issue through a verified response to the questionnaire. The deadline to submit the response, September 21, 2016, passed more than two months ago without a response being filed. And Scott has not otherwise contacted the Court since he initiated this action.

**Legal Standards**

Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).[1]

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey*

---

[1] *See also Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

[*v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006);

-5-

alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

## Analysis

Scott's sole claim for relief is that he was denied constitutionally-effective assistance of counsel "during the negotiation and consideration of a plea offer." Dkt. No. 3 at 6. And he alleges that the current habeas application is timely because the constitutional right he asserts was not available to him until the United States Supreme Court decided *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012). He therefore bases the timeliness of the application on 28 U.S.C. § 2241(d)(1)(C).

But the United States Court of Appeals for the Fifth Circuit has held "that *Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context." *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam) (citing *United States v. Rich*, 141 F.3d 550, 554 (5th Cir. 1998)); *see also Russell v. Stephens*, No. 4:15-cv-67-A, 2016 WL 1756910, at *2 (N.D. Tex. Apr. 28, 2016).

And, to the extent that Scott asserts that his discovery of *Cooper* and *Frye* in 2015 is the timeliness trigger, *see* Dkt. No. 3 at 9; *see also* 28 U.S.C. § 2241(d)(1)(D), his learning of those two decisions cannot "serve as the factual, as opposed to the legal,

-6-

predicate for [his] claims within the meaning of subsection (D)," *Russell*, 2016 WL 1756910, at *2 (citing *Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005)).

The current Section 2254 application is therefore due to be denied as untimely absent equitable tolling. But equitable tolling does not save this petition from the statute of limitations because Scott has not carried his "burden ... to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file" his Section 2254 habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 2016 WL 672565, at *4.

### Recommendation and Direction to the Clerk of Court

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE